UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JONATHAN M. HOVIS, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] 5:08-CV-0982-LSC |
| | ] |
| MICHAEL J. ASTRUE, | ] |
| Commissioner, | ] |
| Social Security Administration, | ] |
| | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

I. Introduction.

The plaintiff, Jonathan M. Hovis, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for a Period of Disability, Supplemental Security Income ("SSI"), and Disability Insurance Benefits ("DIB"). Mr. Hovis timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Hovis was twenty-six years old at the time of the Administrative Law Judge's ("ALJ's") decision, and he has at least a highschool education.

(Tr. at 25.) His past work experience includes employment as a concession worker. *Id*. Mr. Hovis claims that he became disabled on January 31, 2004, due to obesity, depression, anxiety, esophageal reflux disease, hiatal hernia, allergic rhinitis, and a functional gastrointestinal disorder[1]. *Id*. at 17.

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If he or she is, the claimant is not disabled and the evaluation stops. *Id*. If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id*. The decision depends

---

[1] The ALJ noted that the gastrointestinal impairment was previously diagnosed as irritable bowel syndrome and/or abdominal migraines. (Tr. at 17.)

on the medical evidence in the record.  *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971).  If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii),  416.920(a)(4)(iii).  If the claimant's impairments fall within this category, he or she will be found disabled without further consideration.  *Id.*  If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step.  20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step.  *Id.*  Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and

past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Mr. Hovis does not meet the nondisability requirements for a period of disability and DIB and was insured through the date of his decision. *Id.* at 17. He further determined that although Mr. Hovis has engaged in "a number of part-time jobs[,]" that employment did not constitute substantial gainful activity since the alleged onset of his disability. *Id.* According to the ALJ, Plaintiff's obesity, depression, anxiety, esophageal reflux disease, hiatal hernia, allergic rhinitis, and a functional gastrointestinal disorder are considered "severe" based on the requirements set forth in the regulations. *Id.* However, he found that these impairments neither meet nor medically equal any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. *Id.* at 20. The ALJ did not find Mr. Hovis's allegations to be totally credible, and he determined that he has the following residual functional capacity: exertional limitations of light work; he cannot work with exposure to extreme heat or cold; he can tolerate only occasional changes in the work

setting because of his adverse reaction to stress; he can perform repetitive and unskilled jobs, but he cannot perform inspecting jobs involving judgment or the stress of decision making. *Id.* at 21, 23.

According to the ALJ, Mr. Hovis is unable to perform any of his past relevant work; he is a "younger individual," and he has "at least a high school education," as those terms are defined by the regulations. *Id.* at 25. The ALJ determined that Plaintiff's "[t]ransferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills." *Id.* (citing S.S.R. 82-41; 20 C.F.R. Part 404, Subpart P, Appendix 2). The ALJ found that Mr. Hovis has the residual functional capacity to perform light work, but the requirements for light work have been impeded by additional limitations. *Id.* at 26. Even though Plaintiff cannot perform the full range of light work, the ALJ used Medical-Vocation Rule 201.25 as a guideline for finding that there are a significant number of jobs in the national economy that he is capable of performing, such as: hand packager, mail clerk, and

photo finisher.² *Id*. The ALJ concluded his findings by stating that Plaintiff "has not been under a 'disability,' as defined in the Social Security Act, from January 31, 2004, through the date of this decision." *Id*.

II.   Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id*. "The substantial evidence standard permits administrative decision makers to act

---

²The ALJ included the vocational expert's testimony of the listed jobs existing respectively in number: 50,000 nationally and 3,000 regionally; 120,000 nationally and 4,000 regionally; and 80,000 nationally and 2,000 regionally. (Tr. at 26.) The vocational expert defined regionally as within 90 miles of Huntsville, Alabama. *Id*.

with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.   Discussion.

Mr. Hovis alleges that the ALJ's decision should be reversed and remanded for one reason. He believes that the ALJ failed to properly consider Dr. Lindsay's psychiatric medical opinion, whom Plaintiff claims

was his treating physician. (Doc. 8.) Specifically, Plaintiff contends that the ALJ failed to give the treating physician's opinion substantial or considerable weight, and the ALJ failed to properly apply 20 C.F.R. § 404.1527(d) in evaluating Dr. Lindsay's opinion. *Id*.

The ALJ affords a physician's testimony "substantial or considerable weight unless 'good cause' is shown to the contrary." *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1159 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)) (internal quotations omitted). The weight afforded a medical opinion regarding the nature and severity of a claimant's impairments depends, among other things, upon: the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support the opinion, how consistent the opinion is with the record as a whole, and the specialty of the medical source. See 20 C.F.R. §§ 404.1527(d), 416.927(d). Furthermore, "good cause" exists for an ALJ to give substantially less weight to a treating physician's opinion when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was

conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (citing *Lewis*, 125 F.3d at 1440).

Additionally, this Court is aware that opinions such as whether a claimant is disabled, the claimant's residual functional capacity, and the application of vocational factors "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(e), 416.927(d). The Court weighs doctors' evaluations of the claimant's "condition and the medical consequences thereof, not their opinions of the legal consequences of his condition." *Lewis*, 125 F.3d at 1440. Such physician's opinions are relevant to the ALJ's findings, but they are not determinative, since the ALJ bears the responsibility for assessing a claimant's residual functional capacity. *See e.g.*, 20 C.F.R. § 404.1546(c).

Here, the ALJ correctly evaluated Dr. Lindsay's opinion. (Tr. at 24). The ALJ followed 20 C.F.R. § 404.1527(e)(1) in establishing that the determination of "disabled" and other legal conclusions are reserved for the

decision of the Commissioner and not for the medical examiner. *Id.* Further, the ALJ laid out explicit reasons in accordance with 20 C.F.R. § 404.1527(d) establishing why the treating physician's opinion was not given controlling or substantial weight.[3] (Tr. at 24.)

The ALJ correctly evaluated and rejected Dr. Lindsay's statement. (Tr. at 24.) Dr. Lindsay, a psychiatrist at the Mental Health Center of Madison County, stated "[C]laimant was 'worthy of being declared disabled on psychiatric and medical grounds'." *Id.* (citing Exhibit 30). The ALJ properly decided that the determination of disability was reserved for the

---

[3]Plaintiff contends that if a medical opinion of a treating physician is supported under 20 C.F.R. § 404.1527(d), that same opinion cannot be rejected under 20 C.F.R. § 404.1527(e)(1). (Doc. 10.) (citing *Roberts v. Barnhart*, 2002 WL 1288722, 80 West Social Security Reporter 543 at 545 (10th Cir. 2002)). The Plaintiff notes that the Eleventh Circuit has not directly decided a case under 20 C.F.R. § 404.1527(e)(1). (Doc. 10.) However, the Eleventh Circuit has adequately dealt with this issue. *See Miller v. Barnhart*, 182 Fed. Appx. 959, 964 (11th Cir. 2006) (finding "While [the doctors'] opinions regarding disability are not binding on the ALJ, see 20 C.F.R. § 404.1527(e)(1), the ALJ must clearly articulate the reasons for giving less weight to their opinions[.]") *Id. See also Heppell-Libsansky v. Comm'r of Soc. Sec.*, 170 Fed. Appx. 693, 698 (11th Cir. 2006)(discussing "The ALJ considers many factors when weighing medical opinions . . . . *See* 20 C.F.R. § 404.1527(d)(1)-(6). Moreover, opinions on some issues are not medical opinions because they are dispositive administrative findings reserved to the Commissioner, including the ultimate determination of whether a claimant is disabled. 20 C.F.R. § 404.1527(e)(1).") *Id.* Here, this Court finds the ALJ correctly reserved the determination of disability by rejecting Dr. Lindsay's disability finding. The ALJ then continued his opinion by articulating specific reasons using the guidelines of 20 C.F.R. § 404.1527(d)(1)-(6) for not providing Dr. Lindsay's opinion any weight. (Tr. at 24.)

Commissioner, and therefore, the ALJ correctly rejected Dr. Lindsay's determination of disability on psychiatric grounds[4]. (Tr. at 24.) Although Claimant asserts that the ALJ improperly rejected Dr. Lindsay's opinion by "simply reject[ing] the opinion of a treating physician on the basis that it [sic] a statement on the ultimate issue of disability," Claimant concludes that the Commissioner must only reject the opinion of a treating physician with specific and legitimate reasons. (Doc. 10.) This Court finds the ALJ correctly continued his evaluation of Dr. Lindsay's medical opinion by giving specific reasons and substantial evidence for his rejection thereof. (Tr. at 24.)

The ALJ could have properly rejected the opinion of an alleged treating physician if the doctor had only treated the claimant one time. *See Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986). Here, the ALJ noted that Dr.

---

[4]The ALJ also rejected Dr. Lindsay's determination of disability on grounds other than psychiatric, since he was a psychiatrist and had not evaluated Claimant for physical impairments. (Tr. at 24.) The Court finds the ALJ's determination appropriate. *See Miller v. Comm'r of the SSA,* 279 Fed. Appx. 792, 793 (discussing where the ALJ did not err by discrediting a treating internist's opinion in part because the internist's diagnosis included psychiatric conclusions that the internist did not test nor consult with specialists.) *Id.* Additionally, whether or not Dr. Lindsay could make a physical determination is immaterial since the conclusion of disability is reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e).

Lindsay's opinion was based on a "brief interview" which was a "crisis evaluation" occurring on January 18, 2007, the only time Dr. Lindsay had evaluated Claimant before issuing his medical opinion. (Tr. at 24.) (Doc. 9.) Thus, the ALJ correctly weighed the relationship between Dr. Lindsay and Claimant according to 20 C.F.R. §§ 404.1527(d). *Id.*

The ALJ noted that the medical source statement indicated Claimant had "marked impairments" in several areas. *Id.* The ALJ had "good cause" and articulated reasons not to afford Dr. Lindsay's opinion any weight where, according to the record, the doctor's February 7, 2007 opinion of disability was based on a "brief interview" conducted on January 18, 2007, and where Dr. Lindsay's medical opinion was inconsistent with the record as a whole. (Tr. at 24.) (See 20 C.F.R. §§ 404.1527(d), 416.927(d)). Further, the ALJ noted that the record showed Claimant was employed at Guthrie's in March 2007, only a few months after Dr. Lindsay's brief interview and opinion of disability noted above. (Tr. at 24.) The ALJ determined, "[O]n its face, the claimant's described inability can be discounted based on the fact that the claimant was actually functioning and working and performing activities previously noted as beyond his ability." *Id.*

Additionally, the ALJ described Dr. Lindsay's findings as inconsistent with his own record which shows a progress note of April 29, 2007, describing Claimant's mental status as stable and relatively good, and where Claimant said he felt better since he was working again. *Id.* The ALJ also noted that in May 2006, Mental Health Center treatment notes showed Claimant enjoyed working part-time at a K-Mart garden center. *Id.* (citing Exhibit 27F).

Further, the ALJ found Dr. Lindsay's assessment of disability to be inconsistent with previous mental health records[5]. *Id.* The ALJ noted that on July 7, 2005, Claimant received a global assessment of functioning of 65 to 70 for the current and past year. *Id.* Then, in September 2005, a consultative psychological examiner assessed Claimant as having a global assessment score of 60, and she found Claimant could make acceptable work

---

[5]Other doctors did diagnose Claimant with chronic anxiety, such as Dr. Brown, one of Claimant's treating physicians. (Tr. 19). Claimant asserts that if a treating physician's medical opinion is supported under 20 C.F.R. § 404.1527(d) then it cannot be rejected under 20 C.F.R. § 404.1527(e)(1). (Doc. 10.)(citing *Roberts v. Barnhart,* 2002 WL 1288722, 80 West Social Security Reporter 543 at 545 (10th Cir. 2002)). This Court, however, reiterates that in the Eleventh Circuit, the ALJ affords a physician's testimony "substantial or considerable weight unless 'good cause' is shown to the contrary." *Crawford,* 363 F.3d at 1159; (quoting *Lewis,* 125 F.3d at 1440) (internal quotations omitted.)

decisions and manage his own funds. *Id.* at 20.[6] Although Claimant received a global assessment of functioning score of 55 in May 2006, Claimant was noted as being at a low point because of feelings of grief and loss due to a friend's death. *Id.* at 24. Additionally, the ALJ noted that the medical records indicated that much of Claimant's stress was internal to his family. *Id.* at 24. Accordingly, the ALJ had "good cause" not to afford Dr. Lindsay's opinion controlling or substantial weight in that it was not bolstered by the evidence, and the evidence supports an opposite finding. *See Phillips*, 357 F.3d at 1241 (11th Cir. 2004) (citing *Lewis*, 125 F.3d at 1440).

IV.   Conclusion.

Upon review of the administrative record, and considering all of Mr. Hovis's arguments, the Court finds the Commissioner's decision is supported

---

[6]This Court notes that the ALJ discredited state examiners, Dr. Nuckols, a psychiatric consultant who found in 2005 that Claimant had no severe impairments, and Rick Ensley, a medical consultant who found in 2005 that Claimant could meet demands of medium work with some non-exertional limitations. (Tr. at 20, 24.) The ALJ found Dr. Nuckols finding contrary to the evidence, and in considering the state medical consultant's medium work finding, the ALJ considered S.S.R. 02-01p, which observes that obesity can be a limitation. *Id.* at 24. Accordingly, the ALJ adopted a light work residual functional capacity adopted from a consultative medical examination in 2005 by Dr. Woodfin who found no physical limitations in sitting, standing, or walking. *Id.* at 19, 24-25.

by substantial evidence and in accord with the applicable law.  A separate order will be entered.

Done this 13th day of August 2009.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671